## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANYA ROYE, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EGGLAND'S BEST, INC. and EGGLAND'S BEST, LLC,<br><br>*Defendants*. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CHANYA ROYE, individually and on behalf of other similarly situated individuals, by and through her counsel, hereby files this Class Action Complaint for equitable relief and damages against Defendants EGGLAND'S BEST, INC. and EGGLAND'S BEST, LLC regarding the false and deceptive marketing and sale of their shell egg products labeled with the claim "25% Less Saturated Fat than Regular Eggs." Eggland's Best's eggs do not have the nutritional qualities that the label asserts, and instead, laboratory testing has revealed that Eggland's Best's eggs contain higher levels of saturated fat than "regular" non-Eggland's Best-branded eggs. Plaintiff Roye alleges the following based upon information, belief, and the investigation of her counsel:

### INTRODUCTION

1. This is a consumer protection case concerning deceptive marketing representations about shell egg products produced by Defendants Eggland's Best, Inc. and Eggland's Best, LLC ("Eggland's Best" or "Defendants").

2. Eggland's Best, Inc. is a corporation headquartered and incorporated in Pennsylvania.[1]

3. Eggland's Best, LLC is a limited-liability company headquartered in Pennsylvania and incorporated in Delaware.[2]

4. Both Eggland's Best, Inc. and Eggland's Best, LLC have their principal place of business in Jeffersonville, Pennsylvania.[3]

5. Defendant Eggland's Best is the second largest egg producer in the United States, selling more than 53 million units in just three months in 2023.[4]

6. According to its own representations, Eggland's Best sources its eggs from farms across the United States and sells its shell egg products in Eggland's Best-branded cartons at grocery stores nationwide.[5]

7. Eggland's Best sells shell egg products ("the Products").[6] Every package of the Products prominently states on its lid, that the Products contain "25% Less Saturated Fat than Regular Eggs."

8. In reality, the Products do not contain "25% Less Saturated Fat than Regular Eggs," as demonstrated by testing of the Products conducted by Plaintiff.

9. Thus, Eggland's Best's marketing—which states that the Products contain 25% less saturated fat than other eggs—is false and misleading to consumers, who lack the information

---

[1] *Business Search*, Pa. Dep't of State, https://file.dos.pa.gov/search/business (last visited Mar. 11, 2024).
[2] *Id.*; *Dep't of State: Division of Corporations*, State of Delaware, https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx (last visited Mar. 11, 2024).
[3] *Business Search*, *supra* note 1.
[4] *Unit Sales of Leading Fresh Egg Brands in the United States in 2023*, Statista (August 2023), https://www.statista.com/statistics/963073/leading-fresh-egg-brands-in-the-united-states-unit-sales/.
[5] *Frequently Asked Questions: All About EB Eggs*, Eggland's Best, https://www.egglandsbest.com/faqs/egglands-best-eggs-produced (last visited Mar. 11, 2024).
[6] The Products include, but are not limited to, all Eggland's Best shell egg products, including classic and cage-free eggs.

necessary to determine whether the Products in fact contain 25% less saturated fat than other similar shell egg products. Reasonable consumers must therefore rely on Eggland's Best's representations.

10. Eggland's Best intended for consumers to rely on its nutrition representations, and reasonable consumers did, in fact, rely on these representations. By deceiving consumers about the nature of the Products, Eggland's Best is able to sell a greater volume of the Products, charge higher prices for the Products, and take away market share from competing brands, thereby increasing its own sales and profits.

11. During any applicable statute of limitations period (the "Class Period"), Plaintiff and the members of the Class (described below) saw Eggland's Best's misrepresentations about the saturated fat content of the Products when purchasing the Products. Plaintiff and the members of the Class (described below) paid more for the Products than they otherwise would have paid, and/or purchased the Products, or purchased more of the Products, than they would have if they had known the actual amount of saturated fat in the Products. As a result, Plaintiff and Class members suffered injury.

12. Therefore, Eggland's Best's marketing representation that the Products contain "25% Less Saturated Fat than Regular Eggs" is false, deceptive, and misleading in violation of the California Consumer Legal Remedies Act, Cal. Civ. Code Sections 1750-1785; California's False Advertising Law, Cal. Bus. & Prof. Code Section 17500 *et seq.*; and California's Unfair Competition Law, Cal. Bus. & Prof. Code Sections 17200-17210.

13. Because Eggland's Best's advertising of the Products tends to mislead and is materially deceptive about the true nature and quality of the Products, Plaintiff brings this deceptive advertising case on behalf of a proposed Class of consumers who purchased the Products

in California during the Class Period, and seeks relief including actual damages, interest, costs, and reasonable attorneys' fees as applicable under California law. Even today, members of the Proposed Class are purchasing the misrepresented Products, and they will continue to do so unless Eggland's Best's conduct is stopped.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). There are at least 100 members in the proposed California plaintiff class.

15. Plaintiff Roye is a citizen of Los Angeles, California. Plaintiff consents to this Court's jurisdiction over her by filing this Complaint.

16. The Court has personal jurisdiction over Eggland's Best because the claims herein arise from Eggland's Best transacting business in California. Eggland's Best has purposefully directed its marketing practices to California consumers, regularly conducts and transacts business in California, distributes its Products throughout California, and has availed itself of the benefits and protections of California law, and it is therefore reasonable for Eggland's Best to anticipate being subject to an action in the courts of this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b)(2) because substantial acts in furtherance of alleged improper conduct, including the dissemination of false and misleading labeling and advertising regarding the nature and quality of the Products at issue occurred within this District; and because Eggland's Best directs its marketing at consumers within California, sells its eggs in California, and has caused injury in California.

## PARTIES

18. Defendant Eggland's Best, Inc. is incorporated in Pennsylvania and Defendant Eggland's Best, LLC is incorporated in Delaware, with their shared principal place of business in Pennsylvania.

19. Collectively, Defendants process, market, and distribute shell eggs to be sold to consumers throughout California and nationwide. Defendants created and/or authorized the false and deceptive labeling of the Products.

20. At all times mentioned herein, Plaintiff Roye was and is an individual consumer over the age of 18. Within the Class Period, Plaintiff purchased Eggland's Best Products that contained the on-label representation "25% Less Saturated Fat than Regular Eggs" approximately every two to three months from Smart & Final at 11221 W Pico Boulevard in Los Angeles, California.

21. In deciding to make her purchases, like other consumers, Plaintiff saw, relied upon, and reasonably believed Eggland's Best's representations.

22. Members of the proposed Class are currently purchasing, and will continue to purchase, Eggland's Best's Products, unaware that the "25% Less Saturated Fat than Regular Eggs" representation is false.

## FACT ALLEGATIONS

I. **Eggland's Best Falsely Represents That Its Eggs Contain "25% Less Saturated Fat Than Regular Eggs."**

23. Eggland's Best markets, distributes, and sells the Products nationwide.

24. Directly on every Product's packaging, Eggland's Best states that the Products contain "25% Less Saturated Fat than Regular Eggs," as shown in **Figure 1** below:

5



**Figure 1**

25.　As explained below, reasonable consumers interpret this claim to mean that the Products are better for their health and contain less saturated fat than other non-Eggland's Best-branded eggs.

26.　Contrary to Eggland's Best's on-label representations, the Products do not in fact contain "25% Less Saturated Fat" than other eggs.

27.　Recent independent laboratory testing of Eggland's Best's eggs commissioned by Plaintiff's counsel and conducted by Anresco Laboratories in August 2023 found that Eggland's Best's online nutritional claims as to saturated fat do not comport with the actual nutritional value of the Products.[7] The chart below contains the laboratory testing findings:

| Nutrient/Vitamin/Mineral | Eggland's Best Marketing Claim (per serving) | Ordinary Egg (per Eggland's Best Marketing) (per serving) | Anresco Results (per serving) |
|---|---|---|---|
| Saturated Fat (g) | 1 | 1.5 | 2.84 |

---

[7] *Vs. Ordinary Eggs*, Eggland's Best, https://www.egglandsbest.com/superior-nutrition/eb-eggs-vs-ordinary-eggs (last visited Mar. 11, 2024).

28. Specifically, that testing found that, while Eggland's Best states that the Products have only 1 gram of saturated fat, as compared to 1.5 grams in other eggs, the independent laboratory study found that the Products have ***2.84 grams of saturated fat per serving.***[8]

29. This testing demonstrates that Eggland's Best has misrepresented that the Products contain less saturated fat than other eggs. According to the testing, the Products contain ***more saturated fat*** than other eggs.

30. While Eggland's Best claims that its eggs contain "25% Less Saturated Fat" than other eggs, the results of the independent laboratory study have found that this claim is inaccurate and thus, Eggland's Best represents that the Products have "characteristics . . . [and] benefits . . . that they do not have" and that the eggs "are of a particular standard [and] quality," when they are of another, in violation of Cal. Civ. Code Section 1770(a)(5),(7).

**II.    Eggland's Best's Representation Is Misleading to Consumers.**

31. Contrary to Eggland's Best's on-label representation, the Products do not contain "25% Less Saturated Fat than Regular Eggs" as understood by a reasonable consumer.

32. Through its representation on the Product packaging, Eggland's Best markets the Products as having particular nutritional values and makes a specific claim that the Product has less saturated fat than other eggs.

33. As described *supra*, the saturated fat content in the Products is actually ***higher*** than the saturated fat content found in other eggs.

34. No reasonable consumer would interpret Eggland's Best's on-label representation about saturated fat content to mean that the Products actually contain ***more*** saturated fat than other eggs.

---

[8] *Anresco Laboratories Egg Nutritional Content Testing* (Aug. 2023) (on file with Counsel).

35. Eggland's Best's representation that the Products contain "25% Less Saturated Fat than Regular Eggs" is misleading because independent laboratory testing has shown that the nutritional content in the Products differs from the representation.

### III.    Eggland's Best's Representation Is Material to Consumers.

36. Eggland's Best's representation about saturated fat is material to consumers, who care about purchasing food with reduced saturated fat, among other health and nutrition qualities.

37. Eggland's Best intentionally includes a claim on its packaging that it knows consumers will interpret as meaning the Products contain less saturated fat and have certain health benefits over other brands of eggs.

38. Eggland's Best's representation about saturated fat on the Products' labels is material to consumers who care about reducing their saturated fat intake.

39. These consumers are willing to, and do, pay more for products that they believe are better for their health or have less saturated fat.

40. A 2014 survey of 2,234 United States consumers found that 78% of Baby Boomers "considered the saturated fat content in a product as a very or somewhat important driver for their decision whether they purchase a product or not."[9]

41. A 2019 study reviewing eleven surveys polling more than 2,000 individuals found that nutritional and health claims on food packaging can make food products "seem healthier than they are" and such claims "can influence consumers' perceptions."[10]

---

[9] *Consumers' Importance of the Factor "Saturated Fat" When Making Food and Beverage Purchases in the United States in 2014, by Generation*, Statista Research Department (June 2014), https://www.statista.com/statistics/310592/us-consumers-importance-of-saturated-fat-when-buying-groceries-by-generation/.

[10] Laura H. Oostenback et al., *Systematic Review of the Impact of Nutrition Claims Related to Fat, Sugar, and Energy Content on Food Choices and Energy Intake*, 19 BMC Public Health 1, 2, 7 (Oct. 15, 2019), https://bmcpublichealth.biomedcentral.com/articles/10.1186/s12889-019-7622-3.

42. A 2020 study of 1,000 United States consumers found that 36% of consumers seek out "low fat" food products.[11]

43. A 2022 study of 2,054 United States consumers found that 55% of consumers are willing to pay a premium for food that contributes to their health and wellness.[12]

44. Eggland's Best's conduct in labeling the Products with the claim "25% Less Saturated Fat than Regular Eggs" deceived and/or was likely to deceive the public. Consumers have been, and continue to be, deceived into believing that they are purchasing a product that contains less saturated fat than other similar products.

45. Consumers cannot discover the true nature of the Products from reading the label or Eggland's Best's advertising materials.

46. Eggland's Best deceptively and misleadingly misrepresents material facts about the Products, namely, that the Products contain 25% less saturated fat than other shell egg products.

47. Eggland's Best knew what representations it made on the labels of the Products and knew or should have known the saturated fat content of the Products in making such representations. Eggland's Best thus knew, or should have known, the facts demonstrating that there is a misrepresentation on the labels of the Products.

48. Eggland's Best continues to misrepresent and conceal the true nature and characteristics of the Products.

49. Eggland's Best's concealment tolls the statute of limitations.

---

[11] *Consumer Survey: Purchasing Behaviors, Eating Decisions, and Health Perceptions of Dietary Fats and Oils*, Food Insight (July 6, 2020), https://foodinsight.org/consumer-survey-purchasing-behaviors-eating-decisions-and-health-perceptions-of-dietary-fats-and-oils/#:~:text=People%20under%2045%20were%20more,%E2%80%9Clow%20in%20saturated%20fat.%E2%80%9D.

[12] *Deloitte: Healthy Eating Creates New Opportunities for Growth in Fresh Food*, Deloitte (Sept. 26, 2022), https://www2.deloitte.com/us/en/pages/about-deloitte/articles/press-releases/deloitte-report-new-growth-opportunities-fresh-food.html.

50. In making the false, misleading, and deceptive representation and omission at issue, Eggland's Best knew and intended that consumers would choose to buy, and would pay more for, Products promoted with the claim "25% Less Saturated Fat than Regular Eggs," furthering Eggland's Best's private interest in increasing sales of its Products and decreasing the sales of its competitors' products that are truthfully marketed.

51. Had Eggland's Best not made the false, misleading, and deceptive representation and omission at issue, Plaintiff and the Class members would not have been willing to pay the same amount for the Products they purchased, would have chosen competing products, and/or would not have purchased as much of the Products.

52. Eggland's Best's ongoing false and misleading labeling and advertising of the Products continues to cause harm to Plaintiff and the consumers she seeks to represent.

53. Consumers are at risk of real, immediate, and continuing harm if the Products continue to be sold using false and misleading labeling and advertising.

## CLASS ALLEGATIONS

54. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint.

55. This action is maintainable as a class action under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

56. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all consumers who purchased Eggland's Best's Products (as defined herein) within the State of California during the Class Period ("the Class").

57. Excluded from the Class are (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.

58. Plaintiff brings the Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

59. Plaintiff reserves the right to amend the Class definitions if further information and discovery indicate that the Class should be narrowed, expanded, or otherwise modified.

60. All members of the Class were and are similarly affected by the deceptive labeling and advertising of Eggland's Best's Products, and the relief sought herein is for the benefit of Plaintiff and members of the Class.

### I. Numerosity

61. At this time, Plaintiff does not know the exact number of Class members. Based on the wide distribution of Eggland's Best Products, Plaintiff believes that the Class comprises many thousands of consumers. The number of consumers in the Class is so large as to make joinder impracticable, if not impossible. Class members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

### II. Commonality

62. There is a well-defined community of interest in the questions of law and fact in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual class members include:

(a) Whether Defendants are responsible for the labeling and advertising at issue;

(b) Whether the labeling and advertising of the Products is unfair, false, deceptive, fraudulent, and/or unlawful;

(c) Whether the labeling and advertising of the Products is likely to mislead a reasonable consumer;

(d) What reasonable consumers understand "25% Less Saturated Fat than Regular Eggs" to convey about the Products; and

(e) Whether Eggland's Best's conduct, as set forth above, injured Plaintiff and the Class members.

### III. Typicality

63. Plaintiff's claims are typical of those of the Class, as the claims arise from the same course of conduct by Defendants, and the relief sought within the Class is common to all the Class members. Plaintiff, like all Class members, relied on Defendants' false and misleading representations and purchased Eggland's Best's Products, or purchased more of them, or paid more for the Products than she would have paid if the Products had been properly labeled, and sustained injury from Eggland's Best's wrongful conduct. Further, there are no defenses available to Defendants that are unique to Plaintiff.

### IV. Adequacy

64. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, and she has retained counsel competent and experienced in both consumer protection and class action litigation. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class. Undersigned counsel have represented

consumers in a variety of actions seeking to protect consumers from fraudulent and deceptive practices.

## V. Predominance and Superiority of Class Action

65. The prerequisites to maintaining a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) are met because the questions of law and fact common to each Class member predominate over any questions affecting only individual Class members, and a class action is superior to available methods for fairly and efficiently adjudicating this controversy.

66. Individual joinder of the Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery as a result of the violations alleged herein.

67. Moreover, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.

68. Plaintiff is unaware of any difficulties in managing this case that would preclude proceeding as a class action.

69. Certification is also appropriate under Rule 23(b)(2) because Defendants acted, or refused to act, on grounds generally applicable to the Class.

70. Further, given the large number of consumers of Eggland's Best's Products, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

## CAUSES OF ACTION

### COUNT I
### Violations of the California Consumers Legal Remedies Act
### Cal. Civ. Code Sections 1750-1785
### (On Behalf of Plaintiff and the Class)

71. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. This cause of action is brought pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code Sections 1750-1785.

73. Plaintiff and other members of the Class are "consumers" as the term is defined by CLRA Section 1761(d), because they bought Eggland's Best Products for personal, family, or household purposes.

74. Plaintiff and other members of the Class, and Eggland's Best have engaged in "transactions" as that term is defined by CLRA Section 1761(e).

75. The acts of Defendants, as described above, and each of them, constitute unlawful, deceptive, and fraudulent business acts and practices for the purpose of the CLRA, and the conduct was undertaken by Eggland's Best in transactions intended to result in, and which did result in, the sale of goods to consumers.

76. Eggland's Best has marketed the Products with the phrase "25% Less Saturated Fat than Regular Eggs" when, in fact, Eggland's Best eggs do not contain less saturated fat than other eggs, in violation of CLRA Sections 1770(a)(5), (a)(7), and (a)(9).

77. Pursuant to the CLRA Section 1782 notice requirement, on February 6, 2024, a demand letter was sent on behalf of Plaintiff Roye to Eggland's Best via certified mail, which provided notice of Eggland's Best's violation of the CLRA and demanded that within thirty days from that date, Eggland's Best correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and/or deceptive practices complained of herein. The letter also stated that if Eggland's Best refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Eggland's Best received the letter on behalf of Plaintiff Roye on February 9, 2024 but has failed to comply with the letters. Accordingly, pursuant to Section 1780(a), Plaintiff Roye, on behalf of herself and the Class, seeks compensatory damages, punitive damages, injunctive relief, and restitution of any ill-gotten gains due to Eggland's Best's acts and practices.

78. Eggland's Best knew what representations it made on the label of the Products and knew that the saturated fat content of the Products was not less than other eggs. Thus, Eggland's Best knew, or should have known, that it made misrepresentations on the Products labels.

79. Eggland's Best's marketing of the Products and the Products' packaging and labeling induced Plaintiff and the Class members to buy the Products, to buy more of the Products, and/or to pay the price requested for those Products.

80. Eggland's Best has misrepresented and/or omitted a material fact about the nature of the Products, with intent that consumers will rely upon that misrepresentation and/or omission.

81. Eggland's Best's inclusion of the misrepresentation on the Products' labeling was knowing and intentional.

82. Eggland's Best has violated, and continues to violate, Section 1770 of the CLRA, which makes unfair competition and deceptive practices unlawful. As a direct and proximate cause

of Eggland's Best's violation of Section 1770, Plaintiff and other members of the Class have suffered damages in an amount to be determined at trial.

83. Eggland's Best is therefore liable to Plaintiff and the other members of the Class for actual economic damages for each purchase of an Eggland's Best Product, attorneys' fees, and the cost of this suit.

84. In addition, Eggland's Best continues engaging in the deceptive conduct, and, upon information and belief, will continue to do so. Members of the Class that Plaintiff seeks to represent are purchasing, and will continue to purchase, the misrepresented Products.

85. The unfair and deceptive acts and practices of Eggland's Best, as described, present an ongoing threat to Plaintiff and the other members of the Class.

## COUNT II
### Violations of California's False Advertising Law
### Cal. Bus. & Prof. Code Section 17500 *et seq.*
### (On Behalf of Plaintiff and the Class)

86. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

87. Eggland's Best has falsely advertised the Products with the claim "25% Less Saturated Fat than Regular Eggs" when, in fact, Eggland's Best's eggs do not contain 25% less saturated fat than other eggs.

88. The misrepresentation and nondisclosure by Eggland's Best constitute false and misleading advertising in violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code Section 17500 *et seq.*, which makes false advertising practices unlawful.

89. Eggland's Best's on-label representations on the Products were made in the State of California and come within the definition of advertising contained in Cal. Bus. & Prof. Code Section 17500 *et seq.*, in that such on-label marketing materials were intended as inducements to

16

purchase Eggland's Best's Products and are statements disseminated by Eggland's Best to, and intended to reach, Plaintiff Roye and the other members of the Class. Eggland's Best knows, or in the exercise of reasonable care should know, that this representation is misleading and deceptive.

90. The above-described acts of Eggland's Best did deceive, were likely to deceive, and are likely to continue to deceive reasonable consumers, including Plaintiff and members of the Class, by obfuscating the nature of the Products in violation of the "misleading" prong of Section 17500.

91. As a direct and proximate cause of Eggland's Best's violation of Section 17500, Plaintiff and other members of the Class paid for Products, the characteristics and benefits of which have been misrepresented, and, as such, Plaintiff and other members of the Class have suffered damages in an amount to be determined at trial.

92. Eggland's Best continues to engage in the deceptive conduct and, upon information and belief, will continue to do so unless enjoined by the Court. Members of the Class that Plaintiff seeks to represent are purchasing, and will continue to purchase, the misrepresented Products.

93. The unfair and deceptive acts and practices of Eggland's Best, as described above, present an ongoing threat to Plaintiff and the other members of the Class.

94. Pursuant to Cal. Bus. & Prof. Code Sections 17203 and 17535, Plaintiff Roye and the Class seek an order of this Court that includes, but is not limited to, requiring Eggland's Best to:

(a) provide restitution to Plaintiff and other members of the Class;

(b) cease its unlawful and deceptive acts; and

(c) pay the attorneys' fees and costs of Plaintiff Roye and the Class.

**COUNT III**
**Violations of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code Sections 17200-17210**
**(On Behalf of Plaintiff and the Class)**

95. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

96. By committing the acts and practices alleged herein, Eggland's Best has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code Sections 17200-17210, as to the Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

97. Eggland's Best has violated UCL's proscription against engaging in unlawful conduct as a result of:

(a) Violations of the CLRA, Cal. Civ. Code Sections 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

(b) Violations of the FAL, Cal. Bus & Prof. Code Section 17500 *et seq.*, as alleged above.

98. Eggland's Best's acts and practices above also violate the UCL's prescription against engaging in unfair and fraudulent conduct.

99. As more fully described above, Eggland's Best's misleading marketing and advertising of the Products is likely to deceive reasonable consumers. Indeed, Plaintiff Roye and other members of the Class were deceived regarding the saturated fat representation on the Product, as Eggland's Best's on-label claim misrepresents or omits the true facts concerning the saturated fat content of the Products. Those acts are fraudulent business practices.

100. Plaintiff Roye and the other members of the Class suffered injury by virtue of buying the Products that they would not have purchased, or would not have paid the requested prices for, absent Eggland's Best's unlawful, fraudulent, and unfair marketing and advertising.

101. There is no benefit to consumers or competition from deceptively marketing products like Eggland's Best's Products, which purport to have "25% Less Saturated Fat than Regular Eggs" when this claim is false.

102. Plaintiff and the members of the Class had no way of reasonably knowing that the Eggland's Best Products they purchased were not as marketed or advertised. Thus, they could not have reasonably avoided the injury they each suffered.

103. The consequences of Eggland's Best's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff Roye and the other members of the Class.

104. Pursuant to Cal. Bus. & Prof. Code Section 17203, Plaintiff Roye and the members of the Class seek an order of this Court that, *inter alia*, requires Eggland's Best to:

(a) provide restitution to Plaintiff and the other members of the Class;

(b) disgorge all revenues obtained as a result of violations of the UCL;

(c) cease the unlawful and deceptive acts; and

(d) pay the attorneys' fees and costs of Plaintiff and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment on behalf of herself and the proposed Class, providing such relief as follows:

(a) Certification of the Class proposed herein under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3); appointment of Plaintiff Chanya Roye as representative of the Class; and appointment of undersigned counsel as counsel for the Class;

19

(b) A declaration that Eggland's Best is financially responsible for notifying Class members of the pendency of this suit;

(c) An order enjoining Eggland's Best's unlawful and deceptive acts;

(d) An order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Eggland's Best as a result of the unfair, misleading, fraudulent, and unlawful conduct alleged herein;

(e) Monetary damages for members of the Class pursuant to California Civil Code Section 1780;

(f) Monetary damages and statutory damages in the maximum amount provided by law;

(g) Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

(h) An order awarding Plaintiff Roye and the other Class members the reasonable costs and expense of this suit, including their attorneys' fees; and

(i) Such further relief as this Court may deem just and proper.

Dated: March 14, 2024                                Respectfully submitted,

                                                     P. Renée Wicklund (CA Bar No. 200588)
                                                     **Richman Law and Policy**
                                                     535 Mission Street, 14th Floor
                                                     San Francisco, CA 94105
                                                     (914) 693-2018
                                                     rwicklund@richmanlawpolicy.com